IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

GORDON FRANKLIN, JR.,            )
                                 )
            Petitioner,           )
      v.                          ) Civil Action
                                 ) No. 07-3150-CV-S-RED
JOSEPH E. GUNJA, Warden,          )
United States Medical Center for  )
Federal Prisoners,                )
                                 )
            Respondent.           )

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas pursuant to 28 U.S.C. § 2241. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a claim upon which relief can be granted, it must be recommended that he be denied leave to proceed in forma pauperis.

The Court notes, initially, that petitioner has been committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. United States v. Franklin, No. 90-3445 (W.D. Mo. 1990). He has twice been conditionally released from that commitment, and both releases were revoked because petitioner violated conditions of his release. Annual reports have been submitted regarding the appropriateness of continued mental health treatment, as required by 18 U.S.C. § 4246(e)(B). Petitioner's commitment is lawful.

As grounds for relief in habeas corpus, petitioner has failed to set forth any assertions

1

challenging the conditions of his confinement that are comprehensible. For example, the initial portion of his pleading states that "petition mandate in the setting forth of the manipulate residing in and by the 5th amendment due process of law and unsuitable condition of the housing at the Medical Center for Federal civil detainee in whom is exempt of the human economy of the economic of this environment of the social institution organized by the society of the government in which to and provide of the essential need in a structure of the inmates in which civil cannot be due process of law. . . " [Pleading by petitioner, at 1]. Even imparting a liberal construction to petitioner's pro se complaint, because petitioner's allegations are not sufficiently specific to state a claim in this case, his petition should be dismissed. Black Spotted Horse v. Else, 767 F.2d 516, 517 (8th Cir. 1985).

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition for habeas corpus relief be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND, Chief
United States Magistrate
Judge

Date: 6/4/07